ten dollars costs and disbursements, on authority of *People ex rel. Dare* v. *Howell* (174 App. Div. 118), decided herewith. Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ., concurred.

TILLIE TERWILLIGER, Respondent, v. CENTRAL HUDSON STEAMBOAT COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Stapleton, Mills, Rich and Putnam, JJ.

HARRY ZIMSKY, Respondent, v. LEVY DAIRY COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Carr, Mills, Rich and Putnam, JJ.

*Decisions by the Presiding Justice on Applications to Appeal from the Appellate Term.*

JOHN BULCK, Respondent, v. GEORGE F. DRISCOLL, Appellant.— Application denied, with ten dollars costs.

HATTIE FREW, Respondent, v. FRANK W. LILLEY, Appellant.— Application denied, with ten dollars costs.

BENJAMIN GUBEN, Respondent, v. JACOB RICHMAN, Appellant.— Application denied, with ten dollars costs.

TERRACE REDDIN, Appellant, v. ADAMS LAUNDRY MACHINERY COMPANY, Respondent.— Application granted.

BOLSLAW REMPKOWSKI, Appellant, v. PETER GRZMOCINSKI and FLORENCE GRZMOCINSKI, Respondents.— Application denied, with ten dollars costs.

JACOB SCHELLING, Appellant, v. THOMAS A. MARKEY, Respondent.— Application denied, with ten dollars costs.

---

## THIRD DEPARTMENT, SEPTEMBER, 1916.

SARAH E. PALMER and Others, as Surviving Executors of and Trustees under the Last Will and Testament of HENRY U. PALMER, Deceased, and Others, Respondents, *v.* THE STATE OF NEW YORK, Appellant.

*Real property — land under water — complying with terms of patent — waiver — eminent domain.*

Appeal from a judgment of the Court of Claims, entered on the 30th day of March, 1915.

Judgment affirmed, with costs. All concurred, except Kellogg, P. J., who dissented in a memorandum, in which Woodward, J., concurred.

KELLOGG, P. J. (dissenting): The Cartlidge patent contained the provision "that if said Charles Cartlidge or his heirs or assigns shall not within ten years from the date thereof actually appropriate and apply the above described premises to the purposes of commerce by erecting dock or docks thereon and filling in the same, then these presents and everything herein contained shall cease and determine and become void." The other patents contained a similar provision, with a substantial difference only as to the time for erecting and filling in the docks. At the time the patents were granted 402,310 square feet of this land were under navigable